2011R00719
JBS/JA

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*Plaintiff,*<br>v.<br>**MATHEW SHELDON**<br>*Defendant.* | Hon. Dennis M. Cavanaugh, U.S.D.J.<br><br>Criminal No. 12-324<br><br>**CONSENT JUDGMENT AND ORDER OF FORFEITURE** |

**WHEREAS**, on or about June 17, 2013, defendant Mathew Sheldon (hereinafter "defendant") pled guilty to a one-count Superseding Information charging him with conspiracy to commit wire fraud contrary to Title 18, United States Code, Sections 1343 and 1346, in violation of Title 18, United States Code, Section 1349; and

**WHEREAS**, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461 a person convicted of an offense in violation of 18, United States Code, Section 1349, shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation; and

**WHEREAS**, by virtue of the above, the United States is now entitled to the possession of $869,492 in United States currency (hereinafter "the Property") because it represents proceeds traceable to a violation of 18, United States Code, Section 1349; and

**WHEREAS** if by any act or omission of the defendant, any property subject to forfeiture:

      (A)    cannot be located upon the exercise of due diligence;

      (B)    has been transferred or sold to, or deposited with, a third party;

      (C)    has been placed beyond the jurisdiction of the court;

      (D)    has been substantially diminished in value; or

      (E)    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to Title 21, United Stated Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c); and

**WHEREAS** defendant Mathew Sheldon:

(1) Consents to the forfeiture to the United States of $869,492 as property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense to which he pled guilty;

(2) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property;

(3) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging

instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(4) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(5) Agrees, pursuant to Rule 32.2(b)(3), to consent promptly to the finalization of the order of forfeiture before sentencing if requested by the government to do so;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment;

**WHEREAS** Rule 32.2(c)(1) provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

**WHEREAS** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, defendant Mathew Sheldon shall forfeit to the United States the sum of $869,492; and

**IT IS FURTHER ORDERED** that a money judgment in the amount of $869,492 shall be entered against defendant Mathew Sheldon; and

**IT IS FURTHER ORDERED** that the United States District Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e); and

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(4)(A), this Order of Forfeiture shall become final as to defendant Mathew Sheldon at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment; and

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture

to include substitute property having a value not to exceed $869,492 in United States currency to satisfy the forfeiture money judgment in whole or in part.

**ORDERED** this __17__ day of June, 2013.

_____
Honorable Dennis M. Cavanaugh
United States District Judge

The undersigned hereby
consent to the entry and
form of this order:

PAUL J. FISHMAN
United States Attorney

_____  Dated: 6-17-13
By: JOSEPH B. SHUMOFSKY
Assistant United States Attorney

_____  Dated: 6-17-13
PATRICK N. McMAHON, ESQ.
Attorney for Defendant Mathew Sheldon

_____  Dated: 6/17/13
Defendant Mathew Sheldon

-5-